**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **BRIAN ALLEN LEMM**, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-171 |
| | COLLECTIVE ACTION |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| **PREMIUM RETAIL SERVICES, INC.**, | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Brian Allen Lemm ("Plaintiff"), through his undersigned counsel, individually and on behalf of all others similarly situated, files this Collective Complaint ("Complaint") against Defendant Premium Retail Services, Inc. ("Defendant" or "Premium Retail") seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. Defendant Premium Retail Services, Inc. ("Defendant" or "Premium Retail"), is a retail solutions company that provides retail merchandising, strategy, and support to companies nationwide. Premium Retail employs individuals, such as Plaintiff and those similarly situated, to audit and stock product, build product displays, and update product pricing and signage.

2. This case is about Premium Retail's failure to comply with applicable federal and state wage laws, and failure to properly pay Plaintiff and similarly situated individuals who have worked for Premium Retail in the job titles of Retail Specialist, Retail Zone Specialist, Retail

Merchandiser, Reset Team Lead, Merchandising Team Member, and other similar roles, however titled (collectively, "Merchandisers"), for all the time they have worked – including all overtime hours worked – as was required to display products in retail outlets and promote the sale of Premium Retail's clients' products.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant conducts business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff Brian Allen Lemm is a citizen of Michigan and resides in Grand Ledge, Michigan. Plaintiff worked for Defendant as a Merchandiser in Michigan, Texas, and Pennsylvania from approximately October 2008 to October 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a plaintiff in this action. *See* Exhibit A.

6. Defendant Premium Retail Services, Inc. is a registered Missouri corporation that does business in the State of Michigan. Premium Retail provides merchandising support to retailers as a third-party labor agency nationwide. Defendant's clients include, for example, Best Buy, Walgreens, Rite Aid, and Ulta. *See* https://premiumretail.com/ (last visited Jan. 29, 2021).

7. Defendant's corporate headquarters is located at 618 Spirit Drive, Chesterfield, Missouri, 63005.

8. Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

9. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

10. During all times relevant hereto, Plaintiff was an employee of Defendant and is covered by the FLSA.

11. Defendant is an employer covered by the FLSA.

12. Defendant employs individuals, including Merchandisers, in Michigan, as well as other states.

13. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

14. Defendant's annual gross sales exceed $500,000.

## COLLECTIVE DEFINITION

15. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of himself and the following collective:

> All current and former non-exempt employees who were paid by Premium Retail Services, Inc. to perform merchandising services in the United States during the applicable limitations period (the "FLSA Collective").

## FACTS

16. Defendant provides retail merchandising, strategy, support, and advocacy solutions to retailers nationwide.

17. Defendant provides retail merchandising services to retail store companies who have made the business decision not to conduct their merchandising internally and instead rely on third party labor agencies such as Defendant. *See* https://premiumretail.com/merchteam/ (last visited

Jan. 28, 2021).

18. On a weekly basis, Defendant deploys thousands of Merchandisers across all 50 states to visit more than 8,000 retail locations. *See* https://premiumretail.com/merchteam/ (last visited Jan. 28, 2021).

19. Plaintiff and Collective Members were employed by Defendant as non-exempt employees to perform merchandising services for Defendant's clients.

20. Merchandisers' primary job duties include but are not limited to auditing and stocking product, building product displays, and updating product pricing and signage.

21. Plaintiff worked as a Merchandiser for Defendant from approximately October 2008 to July 2019 in Michigan, providing retail merchandising services to Defendant's customers throughout Michigan.

22. Plaintiff worked as a Merchandiser for Defendant from approximately July 2019 to October 2020 in Texas, providing retail merchandising services to Defendant's customers throughout Texas.

23. Defendant paid Plaintiff and Collective Members only for work performed from the time they arrived and left each jobsite. Defendant did not pay Plaintiff and Collective Members properly for their travel time between multiple jobsites during the workday.

**Defendant Failed to Pay for Time Spent Driving Between Jobsites During the Workday**

24. Plaintiff and Collective Members were regularly required to drive between different jobsites during the workday. Plaintiff and Collective Members, however, were not compensated for their travel between jobsites during the workday.

25. Defendant assigns Merchandisers, including Plaintiff and Collective Members, to a zone of store location based primarily on Merchandiser's geographic location. Merchandisers then

4

fulfill their job assignments by traveling to these preassigned jobsites weekly.

26. A jobsite is typically a big-box retailer where Merchandisers may be asked to perform several types of projects for Defendant's clients, such as building product displays, and updating pricing and signage.

27. Plaintiff's typical workday often included travel to multiple retailers during the same workday, which could be up to or greater than five (5) retailers in the same workday.

28. Upon arrival to each jobsite, Plaintiff and Collective Members clock in using QTrax, which is an enterprise management system utilized by Defendant to perform a variety of in-house and client-facing functions, including job assignments to Merchandisers.

29. Upon departure from each jobsite, Plaintiff and Collective Members clock out using QTrax.

30. Plaintiff spent up to three (3) hours or more commuting between jobsites during the workday. Different jobsites were often around thirty (30) minutes or more apart in terms of driving time.

31. However, extenuating circumstances including but not limited to traffic and dangerous driving conditions, triggered longer drive times.

32. For example, when Plaintiff was working in Texas, his zone of store location spilled into the Greater Houston area. This entailed driving between retailers that were geographically close but required longer commute times because of heavy traffic conditions.

33. Defendant does not include time that Merchandisers spend driving for Defendant between different jobsites during the workday in its computations of weekly hours worked.

34. This uncompensated drive time is integral and indispensable to Plaintiff's and Collective Members' main job duties, was required by Defendant, and was performed for

5

Defendant's benefit.

35. Plaintiff's and Collective Members' drive time is compensable under the continuous workday rule because this time spent transporting between Defendant's jobsites during the workday is solely for the benefit of Defendant.

36. Defendant's systematic practice of not paying Plaintiff and Collective Members for time spent driving between jobsites during the workday deprived Plaintiff and Collective Members of wages earned, including overtime compensation.

37. The unpaid time spent driving between Defendant's jobsites, including overtime, is more than *de minimis*.

### Plaintiff and Collective Members Worked Off-The-Clock

38. Plaintiff and Collective Members routinely worked off-the-clock each workweek.

39. Once merchandising job assignments are disseminated via QTrax, Merchandisers are responsible for meeting Defendant's job assignment deadlines as agreed between Defendant and its customers.

40. Part of Plaintiff's and Collective Members' job duties include mapping out job assignments, opening and sorting shipped point-of-purchase ("POP") displays required by each job assignment prior to arriving at each jobsite, taking stock of material required by each job assignment, and matching displays with the appropriate project.

41. The POP displays include but are not limited to print coupons and signage aimed at highlighting and advertising Defendant's clients' products to customers.

42. POP displays are work supplies typically required for performing Merchandisers' work activities.

43. For example, Plaintiff recalls that he spent approximately four (4) to six (6) hours

each week mapping out assignments and gathering all necessary POP displays. Plaintiff observed other Collective Members engaged in similar assignments at the direction of Defendant.

44. Defendant, however, paid Plaintiff and Collective Members *only* for work performed from the time they arrived and left each worksite.

45. Defendant's practice of not paying Plaintiff and Collective Members for work that they performed off-the-clock deprived Plaintiff and Collective Members of wages earned, including overtime compensation.

### Collective Members Are Not Paid Overtime Compensation

46. Plaintiff and Collective Members regularly worked more than 40 hours per week.

47. Plaintiff estimates that he worked approximately a minimum 48 hours per week. Plaintiff observed other Collective Members working similar hours at the direction of Defendant.

48. Plaintiff and Collective Members regularly worked four (4) to five (5) days per week.

49. Defendant did not pay Plaintiff and Collective Members for all hours worked in excess of forty (40) hours in a workweek.

50. Towards the end of his employment, Plaintiff was paid approximately $18 per hour and he was not paid an overtime premium for all hours worked over 40 hours in a workweek, despite regularly working approximately 48 hours or more per week.

51. Plaintiff observed that other Collective Members were paid similarly.

52. Defendant's pay policy, in which Plaintiff and other Merchandisers are not compensated for all time worked and are not paid an overtime premium for all hours worked in excess of 40 hours per workweek, does not comply with the requirements of the FLSA or state law.

### Defendants' Failure to Properly Pay Merchandisers Is Willful

7

53. Defendant's actions in violation of the FLSA have been willfully made to avoid liability under the FLSA and to decrease the amount of compensation that Defendant pays overall to its Merchandisers.

54. Despite being able to track Plaintiff and Collective Members' job assignments, Defendant has failed to make, keep, and preserve records with respect to Plaintiff and other Merchandisers sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by law. *See, e.g.*, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week.

55. Even though the FLSA and applicable state law requires overtime premium compensation for hours worked over 40 per week, Defendant did not pay Merchandisers, such as Plaintiff and Collective Members, overtime premium compensation for all overtime hours worked over 40 per week.

56. Defendant knew or, absent its own recklessness should have known, that Merchandisers were entitled to such overtime premiums.

57. Defendant has failed to pay Plaintiff and Collective Members all overtime compensation owed.

58. By failing to pay all overtime compensation owed to Plaintiff and Collective Members, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

59. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

60. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

61. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, among other things, all such individuals worked pursuant to Defendant's previously described common pay practices and as a result of such practices were not paid the full and legally mandated overtime premium for all hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, without limitation, Defendant's common compensation, timekeeping, and payroll practices.

62. Defendant failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of 40 hours per workweek.

63. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

64. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail, email, and other appropriate means, and should be allowed to receive notice of this lawsuit and opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiff and the FLSA Collective)**

65. All previous paragraphs are incorporated as though fully set forth herein.

66. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the

regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

67. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

68. At all relevant times, Defendant is an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. *See* 29 U.S.C. § 203.

69. At all relevant times, Plaintiff and Collective Members have been covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

70. Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

71. Plaintiff and Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

72. Defendant's compensation scheme applicable to Plaintiff and Collective Members failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

73. Defendant knowingly failed to compensate Plaintiff and Collective Members for all hours worked when they worked in excess of 40 hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

74. Defendant also failed to make, keep, and preserve records with respect to Plaintiff and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

75. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

76. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks the following relief on behalf of himself and all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

    c. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages);

    d. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

    e. Liquidated damages to the fullest extent permitted under the law;

    f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: February 22, 2021                    Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard
BLANCHARD & WALKER, PLLC
221 North Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Shanon J. Carson, *pro hac vice forthcoming*
Camille Fundora Rodriguez, *pro hac vice forthcoming*
Alexandra K. Piazza, *pro hac vice forthcoming*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
scarson@bm.net
crodriguez@bm.net
apiazza@bm.net

*Attorneys for Plaintiff and the Collective*